IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL L. BANE**, <br><br> Plaintiff, <br><br> v. <br><br> **SCOTT BESSENT, in his official capacity as Secretary of the United States Treasury, et al.**, <br><br> Defendants. | **CIVIL ACTION** <br><br> **NO. 24-6159-KSM** |

MEMORANDUM

**Marston, J.**                                                                            **August 8, 2025**

Constitutional challenges to criminal statutes must be brought against government officials, not private parties. Here, Plaintiff Michael Bane, an Internal Revenue Service ("IRS") employee, wants to bring his firearm into work, but federal law makes it a crime for him to do so. He thus brought a lawsuit to challenge the constitutionality of the law and regulations that prohibit him from possessing a firearm in federal buildings. (Doc. No. 1.) Bane sued federal officials who allegedly enforce the challenged prohibition ("Federal Defendants") as well as Triple Canopy, Inc. ("Triple Canopy"), a company that provides security services for the IRS. (*Id.*) Triple Canopy now moves to dismiss Bane's constitutional claim against it for lack of standing. (Doc. No. 15). Bane opposes its motion. (Doc. No. 18.) Because Bane has no standing to bring his constitutional challenge against Triple Canopy, Triple Canopy's motion to dismiss is granted.

I.      **Background**[1]

Michael Bane works for the IRS as a tax examining technician in Philadelphia, Pennsylvania. (Doc. No. 10 at 2–3.) For safety reasons, Bane wants to carry a firearm with him when he travels to and from the office. (*Id.* at 2.) Because he works in a federal building, however, he cannot possess a firearm at work due to a federal law that makes it a crime to "knowingly possess[ ] . . . a firearm . . . in a Federal facility." 18 U.S.C. § 930(a). There are also several regulations and policies that prohibit him from possessing a firearm in the IRS building. *See* 31 C.F.R. § 0.207; 41 C.F.R. § 102-74.440; Internal Revenue Manual 10.2.18.2; Federal Protective Service Directive Number 15.9.3.1.

In September 2024, Bane emailed IRS management to voice his concerns about the constitutionality of the law and regulations that prohibit him from carrying a firearm at work. (Doc. No. 10 at 4, 10–11.) In the same email, Bane proposed that the IRS should provide lockboxes at the entrance of the IRS building for employees to store their lawfully possessed weapons. (*Id.* at 10–11.) One month later, the Associate Director of Security in the Facilities Management and Security Services Office of the IRS responded to Bane's email and explained that the possession of weapons in federal facilities is unlawful. (*Id.* at 13.)

Bane, unsatisfied with this response, filed a lawsuit two weeks later to challenge the constitutionality of the prohibition of firearms in federal facilities. (Doc. No. 1 at 6–7.) In his Complaint, he sued the Federal Defendants as well as Triple Canopy, a private security company, which allegedly "enforce[s] the challenged prohibitions on site." (*Id.* at 4.) He sought both declaratory and injunctive relief: First, he asked the Court to declare that the challenged

---

[1] These allegations come from Bane's Amended Complaint. (Doc. No. 10.) The Court assumes their truth for purposes of this motion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

law and regulations are unconstitutional. (*Id.* at 7–8.)  Second, he sought a permanent injunction against all Defendants to enjoin them from enforcing the prohibition on firearms in the IRS building. (*Id.* at 8.)  Or, in the alternative, Bane asked the Court to order Defendants to "install and maintain storage lockers" at his workplace. (*Id.*)

On January 10, 2025, Bane filed an Amended Complaint. (Doc. No. 10.)  In it, he dropped his claim against two of the Federal Defendants—Brian Soloman and Heather Hill. (*Id.*)  Besides this change, Bane's Amended Complaint remained largely the same as before. (*Id.*)  Two weeks later, Triple Canopy moved to dismiss the Amended Complaint for lack of standing and for failure to state a claim. (Doc. No. 15.)  Bane filed a timely response in opposition to its motion. (Doc. No. 18.)  Because Bane lacks standing to bring his claim against Triple Canopy, the Court grants Triple Canopy's motion to dismiss.[2]

## II. Standard of Review

A party's motion for "want of standing is . . . properly brought pursuant to Rule 12(b)(1)" "because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).  Under this standard, the Court must first determine whether the motion presents a facial attack or a factual attack "because that distinction determines how the [motion] must be reviewed." *The Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357–58 (3d Cir. 2014).  A facial attack is "an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court." *Id.* at 358.  By contrast, a factual attack "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not

---

[2] The Court addresses only Bane's claim against Triple Canopy. (Doc. No. 24.)  On March 3, 2025, the Court granted the Federal Defendants' unopposed motion to stay because "President Trump issued an Executive Order that, among other things, directs the Attorney General to review '[t]he positions taken by the United States in any and all ongoing and potential litigation that affects or could affect the ability of Americans to exercise their Second Amendment rights.'" (Doc. No. 24 at 1 (citing Exec. Order 14206, *Protecting Second Amendment Rights*, 90 Fed. Reg. 9503 (Feb. 12, 2025)).)

support the asserted jurisdiction." *Id.* Here, Triple Canopy presents a facial attack because it argues that Bane's injury, as alleged in his Amended Complaint, is neither traceable to its conduct nor redressable by a ruling against it. (Doc. No. 15-1 at 9–13.) The Court thus applies "the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), i.e., construing the alleged facts in favor of the nonmoving party." *The Constitution Party of Pa.*, 757 F.3d at 358.

As Bane is proceeding pro se, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). Though his allegations are construed liberally, Bane "still must allege sufficient facts" in his Amended Complaint "to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   Discussion

In it motion to dismiss, Triple Canopy argues that Bane has not shown (1) his injury is traceable to any conduct by Triple Canopy and (2) his injury would be redressable by a ruling against Triple Canopy. (Doc. No. 15-1 at 9–13.) Triple Canopy says its security screenings are not a but for cause of Bane's alleged injury because even if Triple Canopy's employees allowed him into the building with a gun, it would still be unlawful for him to possess a weapon in the building. (*Id.* at 10–11.) For a similar reason, Triple Canopy says a favorable decision against it would not redress Bane's injury because his conduct would still be unlawful. (*Id.* at 12–13.) Bane counters that Triple Canopy continues to cause his injury by "discourag[ing] and deter[ring] individuals from bringing weapons into the building," and he contends that a favorable decision will redress his injury because Triple Canopy will be "barred from physically preventing individuals from bringing weapons" into the IRS building. (Doc. No. 18 at 8–9.) The Court agrees with Triple Canopy.

For Bane to establish standing, he must "show that [he] has suffered, or will suffer, an injury that is concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (internal quotations omitted). Because "standing is not dispensed in gross," Bane "must demonstrate standing for each claim" that he brings "against each defendant, and for each form of relief" that he seeks. *Id.* at 61 (internal quotations omitted). As explained below, the Court finds that Bane has failed to show that Triple Canopy is causing his injury or that a ruling against Triple Canopy would redress his injury.

*1. Traceability.* The Court first finds that Bane has failed to plausibly allege that his injury is traceable to Triple Canopy's conduct. Traceability "requires a causal connection between the injury-in-fact and a defendant's conduct." *Knudsen v. MetLife Grp., Inc.*, 117 F.4th 570, 577 (3d Cir. 2024) (internal quotations omitted). "To establish a causal connection," Bane must allege that Triple Canopy's conduct is "the but for cause of [his] injury." *Id.* (internal quotations omitted). In his Amended Complaint, Bane alleges that his Second Amendment rights are being violated because he cannot lawfully possess a weapon at work due to a federal criminal law and regulations that prohibit the possession of firearms in federal buildings. (Doc. No. 10 at 5–6.) In response to Triple Canopy's motion to dismiss, he added that Triple Canopy is responsible for his injury because it checks individuals for weapons when they enter the IRS building. (Doc. No. 18 at 5; Doc. No. 21.) Even if this allegation were in Bane's Amended Complaint, it is not enough to establish traceability.

For one, Bane's alleged injury would be no different if Triple Canopy let him bring a weapon into the building. His conduct would still be unlawful, and he would still be subject to arrest and prosecution for violating federal law. For another, Triple Canopy no more enforces

5

federal law than does a Wawa cashier who refuses to sell cigarettes to a minor. In both cases, the alleged injury is caused by the statute itself, not the private party who acts pursuant to the statute. For this reason, courts have held that the proper defendants for a constitutional challenge to a statute "are the *government officials* whose role it is to administer and enforce" it.[3] *Mangual v. Rotger-Sabat*, 317 F.3d 45, 57 (1st Cir. 2003) (emphasis added); *see N.H. Right to Life Pol. Action Comm. v. Gardner*, 99 F.3d 8, 13 (1st Cir. 1996) ("[W]hen a plaintiff seeks a declaration that a particular statute is unconstitutional, the proper defendants are the government officials charged with administering and enforcing it."); *ACLU v. The Fla. Bar*, 999 F.2d 1486, 1490 (11th Cir. 1993) ("Under United States Supreme Court precedent, when a plaintiff challenges the constitutionality of a rule of law, it is the state official designated to enforce that rule who is the proper defendant[.]"). In short, because Triple Canopy is not causing Bane's alleged injury, Bane has not met the traceability requirement.

*2. Redressability.* Likewise, the Court finds that Bane has failed to plausibly allege redressability. To assess redressability, the Court must "consider the relationship between the judicial relief requested and the injury suffered." *Murthy*, 603 U.S. at 73 (internal quotations omitted). A close look at this relationship reveals why Bane's alleged injury is not redressable by a ruling against Triple Canopy. Recall that Bane alleges his Second Amendment rights are

---

[3] Enforcement in this context refers to criminal prosecution. When a plaintiff brings "a pre-enforcement challenge to a statute carrying criminal penalties," he or she must allege that "there exists a credible threat of prosecution." *ACLU v. Gonzales*, 478 F. Supp. 2d 775, 807–08 (E.D. Pa. 2007), *aff'd sub nom. ACLU v. Mukasey*, 534 F.3d 181 (3d Cir. 2008) (internal quotations omitted). Given this requirement, it follows that the enforcement that courts are concerned about is the enforcement of a criminal statute through arrest, criminal prosecution, or administrative action. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 165 (2014) (explaining that enforcement through "administrative action, like arrest or prosecution, may give rise to harm sufficient to justify pre-enforcement review"). It also follows from this requirement that the proper defendants for a constitutional challenge to a criminal statute are the government officials who can enforce the statute through criminal prosecution. *See Diamond v. Charles*, 476 U.S. 54, 64 (1986) (reasoning that appellees "had standing to bring suit against the state officials who were charged with enforcing the Abortion Law because appellees faced possible criminal prosecution").

being violated because he cannot lawfully possess a weapon at work due to a federal criminal law and regulations that prohibit the possession of firearms in federal buildings. (Doc. No. 10 at 5–6.) To redress his injury, he seeks a declaratory judgment that the criminal law and regulations are unconstitutional as well as a permanent injunction to enjoin the enforcement of the prohibition on firearms in federal buildings. (Doc. No. 10 at 7–8.) The disconnect—and thus the issue for redressability here—is that Bane seeks this relief against Triple Canopy, a private party who provides security services for the IRS.

As noted above, when, as here, a plaintiff challenges the constitutionality of a statute and regulations, "the proper defendants are the government officials whose role it is to administer and enforce" them. *Mangual*, 317 F.3d at 57; *see Newton v. Duke Energy Fla., LLC*, No. 16-cv-60341-WPD, 2016 WL 10564996, at *2 (S.D. Fla. Sept. 21, 2016) ("Plaintiffs cannot challenge the constitutionality of a state statute by bringing suit against a private actor; such a lawsuit can only be brought against state actors."). This rule makes sense. While Bane could get "complete redressability from a favorable ruling solely against" the Federal Defendants, "the same is not true for a favorable ruling solely against [Triple Canopy]." *Wescott v. Stanfill*, No. 1:24-CV-00286-LEW, 2025 WL 987812, at *3 (D. Me. Apr. 2, 2025). Even if the Court ordered Triple Canopy to allow Bane into the building with a firearm, he could still face arrest and criminal prosecution for possessing a firearm in a federal building. So "absent an order also enjoining [Federal] Defendants from enforcing" the statute and regulations, an injunction against Triple Canopy "would be meaningless." *Id.* Put otherwise, neither a declaratory judgment nor an injunction against Triple Canopy would redress Bane's alleged injury—his inability to *lawfully* bring firearms into work.

## IV. Conclusion

In sum, Bane has not established standing for his claim against Triple Canopy. The Court thus grants Triple Canopy's motion to dismiss and dismisses Bane's claim against it without prejudice. *See Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020) ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal of Thorne's amended complaint should have been without prejudice."). An appropriate order follows.